Sinckler v Mohammed (2026 NY Slip Op 00998)

Sinckler v Mohammed

2026 NY Slip Op 00998

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Webber, J.P., Kapnick, Gesmer, Shulman, Michael, JJ. 

Index No. 800274/24 800555/24|Appeal No. 5871-5872|Case No. 2025-04758 2025-05029|

[*1]Geoffrey Sinckler, Plaintiff-Appellant,
vIbrahim Mohammed, Defendant-Respondent, 640 East 239 Holdings LLC, Defendant.
Geoffrey Sinckler, Plaintiff-Appellant,
vIbrahim Mohammed, Defendant-Respondent, NY Uptown Group Inc., Defendant.

Steve Okenwa, P.C., Brooklyn, (Steve Okenwa of counsel), for appellant.
Ibrahim Mohammed, respondent pro se.

Order, Supreme Court, Bronx County (Erik L. Gray, J.), entered July 1, 2025, which, to the extent appealed from as limited by the briefs, granted defendant Ibrahim Mohammed's motion to disqualify Steve C. Okenwa, Esq. and the Okenwa Law Firm as counsel, unanimously affirmed, with costs. Order, Supreme Court, Bronx County (Marissa Soto, J.), entered July 9, 2025, which granted defendant Ibrahim Mohammed's motion to disqualify Steve C. Okenwa, Esq. and the Okenwa Law Firm as counsel, unanimously affirmed, with costs.
Geoffrey Sinckler brought two actions against Ibrahim Mohammed alleging that Mohammed abused the parties' business relationship to steal Sinckler's properties. We find that the court providently exercised its discretion in disqualifying Sinckler's attorney, Steve Okenwa, Esq., and his law firm, Okenwa Law Firm, in both actions. Defendant established that (1) he had a previous attorney-client relationship with Okenwa in connection with a property on 239th Street in the Bronx (the 239 property), (2) the matters involved in both representations were substantially related, and (3) that his interests and plaintiff's are materially adverse (Tekni-Plex, Inc. v Meyner & Landis , 89 NY2d 123, 131 [1996]).
In the first action, which concerns the 239 property, the record demonstrates that Okenwa previously represented both plaintiff's and defendant's interests in a prior action regarding ownership of the exact same property at issue in this lawsuit. The parties do not dispute that plaintiff's interests in this action are adverse to those of defendant.
In the second action, which concerns the transfer, allegedly induced by fraud, of a property on Fenton Avenue in the Bronx, defendant established that he and Okenwa had a prior attorney-client relationship, and plaintiff and defendant's interests are materially adverse. The Fenton Avenue action is substantially related to Okenwa's representation of defendant concerning the 239 property so as to warrant Okenwa's disqualification. Both actions involve defendant's alleged scheme to use his business relationship with plaintiff to defraud plaintiff into transferring his properties to defendant's corporate entities. Accordingly, there is a substantial risk that Okenwa may have obtained information about the nature of the parties' business relationship when he represented defendant in connection with the 239 property which could be used against Mohammed in the Fenton Avenue action.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026